Case: 1:07-cv-00114-SNLJ   Doc. #: 1   Filed: 07/24/07   Page: 1 of 14 PageID #: 2

RECEIVED BY MAIL
JUL 24 2007
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

DeAngelo L. Thomas

_____

(Enter above the full name of the Plaintiff[s] in this action. Include register or identification number[s].)

- vs -

Alfred Northern; Gary Rusher; Ray Hopper; Stephen Clark; C.O.I C. Nichols; C.O.II Kirkman; C.O.III Rice; C.O.IV Hooper

(Enter above the full name of ALL Defendant[s] in this action. Fed. R. Civ. P. 10(a) requires that the caption of the complaint include the names of all the parties. Merely listing one party and "et al." is insufficient. Please attach additional sheets if necessary.)

Case No. _____

Jury Trial Demanded

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

I. **PLACE OF PRESENT CONFINEMENT OF PLAINTIFF(S):**

S.E.C.C., 300 E. Pedro Simmons Drive, Charleston, Mo. 63834

II. **PREVIOUS CIVIL ACTIONS:**

A. Have you begun other civil actions in state or federal court dealing with the same facts involved in this action, or otherwise relating to your confinement?

YES [✓]     NO [ ]

B. If your answer to "A" is YES, describe the action in the space below. (If there is more than one civil action, you must describe the additional lawsuit[s] on another piece of paper, using the same format as is outlined below.) Your failure to comply with this provision will result in summary denial of your complaint.

1. Parties to previous civil action(s):

    Plaintiff(s): D. Surrelott Thomas

    Defendant(s): Thomas Johnson; Sandra Hargrave; Paul Luber; Donald Husk; Terry Dare; Mark Jaynes; Cheryl Dowdy; Amanda McMillen; John Darin

2. Court wherein filed:

    U.S. District Court, Eastern District of Missouri, Southeastern Division

3. Docket number or Case number:

    1:05-CV-197-LMB

4. Name of Judge to whom case was assigned:

    Lewis M. Blanton — U.S. Magistrate Judge

5. Basic claim made:

    Excessive Force; Deliberate Indifference to an Inmates Health and Safety, And Failure to Protect

6. Present disposition (Was the case dismissed? Was it appealed? Is it still pending?):

    Still Pending

7. Date filed: 10-26-05        8. Date of disposition:

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution wherein you are incarcerated?

    YES [ ✓ ]            NO [ ]

2

Continued From Page 2 (B) (1-7)

1) Plaintiff — DeAngelo L. Thomas
   Defendant — Chuck Dwyer

2) U.S. District Court, Eastern District of Missouri, Eastern Division

3) 4:04-CV-746-DJS/FRB

4) Donald J. Stohr — U.S. District Judge
   Frederick R. Buckles — U.S. Magistrate Judge

5) Actual Innocence; Trial Court Error in Refusing to Grant Motion for Judgement of Acquittal; Trial Courts Abuse of Discretion; Prosecutors Improper Closing Argument; Prosecutors Erroneous Use of Evidence; Prosecutors Improper Bolstering of Witness Testimony.

6) Still Pending

7) 6-18-04

IV. **PARTIES TO THIS CIVIL ACTION:**

In item A, below place your name in the first blank, place your present address in the second blank and place your identification number or register number in the third blank. Do the same for any additional plaintiff(s) under Item C, below:

A. Name of Plaintiff: DeAngelo L. Thomas

   Plaintiff's address: S.E.C.C., 300 E. Pedro Simmons Drive, Charleston, Mo 63834

   Identification number: 365309

In item B, below, place the full name of the defendant in the first blank, his official position in the second, and his place of employment and address in the third blank. Use Item C for the names, the official positions, and the places of employment and addresses of any additional defendant(s).

B. Defendant Alford Northern is employed as C.O. II at Southeast Correctional Center, 300 E. Pedro Simmons Drive, Charleston, Mo. 63834.

C. Additional plaintiff(s) and address(es):

   N/A

   Additional defendant(s) and address(es):

   Gary Rusher, C.O. I, 300 E. Pedro Simmons Dr. Charleston, Mo. 63834
   Ray Hopper, C.O. II, 300 E. Pedro Simmons Dr., Charleston, Mo. 63834
   Stephen Clark, C.O. I, 300 E. Pedro Simmons Dr., Charleston, Mo. 63834
   C. Nichols, C.O. I, 300 E. Pedro Simmons Dr., Charleston Mo. 63834
   ?. Kirkman, C.O. II, 300 E. Pedro Simmons Dr., Charleston, Mo. 63834
   ?. Rice, C.O. III, 300 E. Pedro Simmons Dr., Charleston, Mo. 63834
   ?. Hooper, C.O. IV, 300 E. Pedro Simmons Dr., Charleston, Mo. 63834

4

V. **COUNSEL:**

A. Do you have an attorney to represent you in the present civil action?

   YES [ ]    NO [✓]

B. If your answer to "A" is NO, have you made any effort to contact a private attorney to represent you in this matter?

   YES [✓]    NO [ ]

C. If your answer to "B" is YES, state the name(s) and the address(es) of the attorney(s) you have contacted and explain the results of those efforts:

   Legal Service of Eastern Mo, Pending Reply - 625 N. Euclid Ave, St. Louis, Mo. 63108
   Matt LeMieux ; Pending Reply - 4557 LaClede Ave., St. Louis, Mo. 63108

D. If your answer to "B" was NO, explain why you have not made such efforts:

   N/A

E. Have you previously been represented by counsel in a civil action in this Court?

   YES [ ]    NO [✓]

F. If your answer to "E" is YES, state that attorney's name and address:

   N/A

VI. **STATEMENT OF CLAIM:**

State here, as briefly as is possible, that facts of your claim. Describe how each defendant is involved. Include also the names of other persons involved, and dates and places. Do not make any legal arguments; cite no cases or statutes. If you intend to raise two or more related claims, number and set forth each claim in a separate

5

paragraph. Avoid using more space than is provided. The Court strongly disapproves of the stating of claims outside the provided space. Unrelated claims must be made in a separate complaint.

_See Attached Pages_

VI. **STATEMENT OF CLAIM (continued)**

_See Attached Pages_

Continued from Page 6:

Statement of Claim: Defendants Alford Woethens, Gary Rusher, Ray Hopper, Stephen Clark, C. Nichols, Kirkman, Rice, and Hooper were "Deliberately Indifferent to an Inmates Health and Safety, Acted Maliciously and Sadistically when Applying the Use of Force, Failed to Protect an Inmate from A Substantial Risk of Harm, And Violated Plaintiff's right to Practice his Religion."

Statement of Facts: On Feb. 17, 2006 at approximately 3:45 pm, Defendant Gary Rusher was serving dinner trays on B-Wing top walk of Housing Unit 1. When Defendant Gary Rusher got to my cell, he attempted to give me a "pork tray." I informed Defendant Gary Rusher that I was supposed to get a non-pork tray at which time he replied "it's not on your door." I then asked Defendant Gary Rusher to check my I.C.R. file and informed him that I have not eaten "pork" for the past seven years. Defendant Gary Rusher then proceeded to call the "bubble officer" and told him that "I Refused my meal." At that time I Requested to see Defendant Alford Woethens, at which time Defendant Gary Rusher denied that Request. Defendant Gary Rusher closed my "food-port" and continued to feed the other inmates, at which time he came upon the same problem. However, at that time, Defendant Gary Rusher called the "bubble Officer" to inquire about that particular inmates feeding status. It was determined that the inmate was on "non-pork" status and was given a non-pork tray. I then pressed my "emergency button" to no avail.

2) At approximately 5:00 pm, I declared a "medical emergency" due to abdominal pains, chest pains, and headaches. Nurse Brewer, Defendant Gary Rusher and Defendant C. Nichols responded, at which time I informed Defendant C. Nichols of the abuse and asked if she could call the Lieutenant. Defendant C. Nichols responded by informing the bubble Officer that I requested to see the Lieutenant. After being assessed by the Nurse, I was placed back in my cell, at which time I stuck my arm out of the "food-port" in an attempt to gain the attention of Defendant Alford Northern or Defendant Rice. At approximately 7:00 pm, Defendant Gary Rusher returned and stated "nobodies coming to see you and the Captain said that you could hold the food-port all night as long as you don't throw nothing out of it." During this time I overheard Defendant Alford Northern state "I'm gonna mace him tonight!"

3) At 8:41 pm, Defendant Alford Northern approached my cell with a MK 46 mace dispenser, accompanied by Defendant's Gary Rusher who was holding and operating the video camera. Defendant Alford Northern stated in a threatening tone "give up the food-port." As I stood up to relinquish the food-port, Defendant Alford Northern began to administer the use of force by spraying me with the mace. Instinctively I began to block the spray of mace with my hand, body and eventually with my laundry. After the first burst of mace, I thought the attack was over but, immediately following the first burst, Defendant Alford Northern fired another burst along with two more burst's forcing me to grab the wand in an attempt to stop the onslaught. Defendant's Gary Rusher and Alford Northern

then left the area, at which time I proceeded to clean my face. However, due to the mace being in my eyes, I could not locate the sink, therefore forcing me to stick my head in the toilet bowl to gain some relief. That did not work.

4) At approximately 9:45 pm, Defendant Rice approached my cell. I was still trying to wash the mace out of my eyes at which time Defendant Rice asked me to cuff-up so that he could rectify the situation by "making it right." Defendant Rice told me that he would have my cell cleaned and that he would get me a tray or brown bag. Once I submitted to restraints and was removed from the cell, I forced my eyes open at which time I observed a puddle of mace outside my door that had flowed out of my cell during the use of force, I then commented "he sprayed me that much" at which time Lieutenant Rice responded "yeah and I will have a talk with him about it." After I was placed in the "strip cage" Defendant Rice ordered me to strip-out and he ordered Defendant Gary Kusher to "pack everything in my cell," because I was being "stripped out." I asked why and Defendant Rice replied, "you know how this go, we strip you out and we put you back in there." About fifteen (15) minutes later, Defendant Rice told me to cuff-up so that he could place me back in my cell. I asked "was it cleaned?" Defendant Rice replied "the Captain would not call anybody and that I could not have a shower." When I asked who was the Captain, Defendant Rice replied "Hooper." I then cuffed-up and was led back to my cell by Defendant Rice

and Rusher, under the supervision of Defendant's Hooper, Nichols and "bubble Officer Reed", and Defendant Northern. Upon being placed back into my cell, I immediately began coughing due to the massive amount of mace on my cell floor, face bowl, toilet, and walls. I began to dunk my head in the toilet bowl again to clear the mace out of my eye's. After about twenty (20) minutes, my eyes had adjusted to a point where I could open them. I then observed the puddles of mace on my floor and my clothes had become soaked and stained from the mace on my body. My skin burned as if I was standing in a fire and each time I took a deep breath, my lungs constricted and I began coughing.

5) At 10:52 pm, Defendant Kirkman approached my cell to read me the violations that Defendants Northern and Rusher had written. I explained to him my situation, at which time he replied "I cant do nothing but bring you some towels. Defendant Kirkman then offerred to get me a Brown Bag. After reading both violations, he then proceeded to get the towels and Brown Bag, but returned with towels only and stated "Captain Hooper said you cant have the Brown Bag." He then gave me the towels and ordered Defendant Rusher to clean the mace up outside my cell. (Note: when I was assessed by the Nurse after the use of force was administered, my blood pressure was 152 over 104 and my pulse was 84).

6) At approximately 11:45 pm, Defendants Hopper and Chek was making rounds at which time I told them about my conditions. Both Defendants observed the scene and Defendant Hopper stated "I will have it cleaned." After leaving me in

the cell for more than four hours. At approximately 4:15 am, the haz-mat porter was notified and I was pulled from my cell while it was being cleaned. I was given a towel and a change of boxers and T-Shirt but denied any soap or a shower.

7) I was forced to sleep on the floor or a metal bunk for three (3) days, as I wasn't given any of my property until 02-20-06. At that time, I was given a mattress, blanket and pillow.

VII. **RELIEF:**

State briefly and exactly what you want the Court to do for you. Make no legal arguments; cite no cases or statutes. (Note: If you are a **state prisoner** and seek from this Court relief which affects the length or duration of your imprisonment e.g., restoration of good time forfeited, expungement of records, parole release decisions, et cetera - your case **must** be filed on a §2254 form.)

I Request that this Court issue an order, demanding that the Missouri Department of Corrections stop using the MK 46 mace dispenser on Inmates confined to a cell and for this Court to order each Defendant in this Cause, in their Individual Compacity, to pay me According to my Request in Section VIII (B) of this Complaint.

VIII. **MONEY DAMAGES:**

A. Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

   YES [ ✓ ]                     NO [ ]

B. If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

   See Attached Page

XI. Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

   YES [ ]                       NO [ ]

I declare under penalty of perjury that the foregoing is true and correct. Signed this 21st day of July, 20 07.

                                    Deangelo L. Thomas

07-21-07
Date                                Signature of Plaintiff(s)

7

Continued from page 7 section VIII (B)

I believe that I am entitled to Punitive and Nominal damages because each Defendant was Deliberately Indifferent to an inmate's health and safety, acted maliciously and sadistically when applying the Use of Force, failed to protect an inmate from a substantial risk of harm, and violated my Right to practice my Religion.

I believe that I am entitled to compensatory damages because, since the date of the use of force, my eyesight has diminished considerably.

Therefore, I ask that each Defendant be sued in their "Individual Compacity" and ordered to pay me a sum determined by a jury in "Punitive Damages," from one (1) dollar to two thousand ($2000) dollars in "Nominal Damages" and a sum determined by a jury in "Compensatory Damages."

