UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEANGELO L. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07-CV-114 CAS |
| | ) |
| ALFORD NORTHERN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of DeAngelo L. Thomas (registration no. 365309), an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. [Doc. 2]. For the reasons stated below, the Court finds plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.33. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### *28 U.S.C. § 1915(b)(1)*

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $11.67, and an average monthly balance of $1.31. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.33, which is 20 percent of plaintiff's average monthly deposit.

*28 U.S.C. § 1915(e)*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## *The Complaint*

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Named as defendants are Alford Northern, Gary Rusher, Ray Hopper, Stephen Clark, C. Nichols, Unknown Kirkman, Unknown Rice, and Unknown Hooper.  All are alleged to be correctional officers at SECC of the Missouri Department of Corrections.

Plaintiff alleges that on February 17, 2006, defendant Rusher attempted to serve plaintiff a "pork tray" for his afternoon meal.  Plaintiff claims that he told Rusher that he does not eat pork for religious reasons and that Rusher subsequently refused to give plaintiff any food whatsoever.

Plaintiff says that he declared a "medical emergency" a little while later because he had abdominal pain, chest pain, and a headache.  Plaintiff claims that after he was evaluated by medical staff he was returned to his cell.  After returning to his cell, plaintiff put his arm through the food port, presumably in protest for missing his afternoon meal.  Plaintiff claims that as defendant Northern was leaving plaintiff's cell area, Northern told another correctional officer that he was going to mace plaintiff that evening.

Plaintiff alleges that Northern later returned to his cell carrying an MK 46 mace dispenser.  Plaintiff claims that Northern was accompanied by Rusher, who was operating a video camera.  Plaintiff says that Northern then sprayed him with mace in four long bursts and that there was so much mace that it made a puddle outside his cell.

Plaintiff states that defendant Rice later came to his cell and ordered plaintiff to cuff up so that Rice could have plaintiff's cell cleaned.  Plaintiff claims that fifteen minutes later Rice returned him to his cell but that the cell had not been cleaned.  Plaintiff says Rice told plaintiff that Captain Hooper would not allow anyone to clean plaintiff's cell or allow plaintiff to take a shower.

Plaintiff claims that later in the evening, defendant Kirkman came to plaintiff's cell to read the conduct violations to him. Upon recognizing plaintiff's situation, Kirkman brought plaintiff some towels and ordered Rusher to clean the mace outside plaintiff's cell.

Plaintiff alleges that defendants Hopper and Clark arrived at plaintiff's cell at approximately 11:45 p.m. and told plaintiff that they would have his cell cleaned. Plaintiff claims that the cell was not cleaned until approximately 4:15 a.m., nearly eight hours after the mace was allegedly sprayed by Northern.

*Discussion*

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Nichols was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B) as to Nichols.

As to the remaining defendants, the complaint survives initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order the Clerk to serve process or cause process to be served as to defendants Northern, Rusher, Hopper, Clark, Kirkman, Rice, and Hooper.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.33 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Northern, Rusher, Hopper, Clark, Kirkman, Rice, and Hooper.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Northern, Rusher, Hopper, Clark, Kirkman, Rice, and Hooper shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Nichols because, as to Nichols, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of August, 2007.