**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DEANGELO L. THOMAS, | ) |
|     Plaintiff, | )<br>)<br>) |
| v. | )     No. 1:07-CV-114 CAS |
| ALFORD NORTHERN, et al., | )<br>)<br>) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel discovery, motion for preliminary injunction, and motion for extension of time to complete discovery.

### Motion to Compel

In plaintiff's motion to compel, plaintiff moves to compel the production of certain documents that he requested defendants produce pursuant to Federal Rule of Civil Procedure 34. Attached to the motion to compel is a copy of plaintiff's document requests, which he certified he served on October 28, 2007. Plaintiff states defendants objected to producing these documents, which he claims are relevant to his cause of action. Accordingly, plaintiff believes the Court should order the defendants to produce the documents.

Local Rule Rule 3.04(A) of this Court provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel. E.D. Mo. L.R. 3.04(A)

Pro se litigants are not excused from complying with court orders or substantive and procedural law. American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). Although plaintiff may not be able to confer with defendants' counsel in person or by telephone, he can write to them to attempt to resolve the dispute, and must do so prior to filing a motion to compel. As a result of plaintiff's failure to comply with Local Rule 3.04(A), the Court will not consider the instant motion and will deny the same without prejudice. In the future, if plaintiff wishes to file a motion to compel with this Court, he must provide the Court with copies of the written correspondence evidencing his compliance with Local Rule 3.04(A). Where plaintiff claims in a motion to compel that the defendants did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the defendants' response(s), so the Court will be able to evaluate whether or not the response or objection was appropriate.

**Motion for Preliminary Injunction**

Plaintiff has filed a motion for preliminary injunction. The motion seeks an order directing defendants to provide him with outside medical care.

Plaintiff's complaint alleges that defendants sprayed mace into his cell and gave him a pork meal despite his religious objections to pork. There are no allegations in the complaint relating to the denial of medical care.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42

F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the complaint. Consequently, the motion for preliminary injunction will be denied.

### Motion for Extension of Time

Plaintiff requests until January 21, 2008, to provide defendants with the sum of his discovery. Defendants do not oppose the motion. Consequently, the motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel is **DENIED** without prejudice. [Doc. 19]

**IT IS FURTHER ORDERED** that if plaintiff wishes to file a motion to compel in the future he must provide the Court with copies of written correspondence evidencing his compliance with Local Rule 3.04(A).

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED**. [Doc. 20]

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to complete discovery is **GRANTED**. [Doc. 23] Discovery in this case shall be completed **no later than January 21, 2008**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2008.